JOSEPH J. BARRON *vs.* J. ELLIS WHITE, City Treasurer and Collector of Taxes.

MAY 3, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.*

(1) *Elections. Taxes. Right of Suffrage. Payment of Tax by Third Party.* While the provisions of section 1 of article VII of amendments to the consti-

*Motion to re-argue denied May 7, 1909.

tution of Rhode Island do not permit the exercise of the suffrage by a person by reason of the voluntary and unauthorized payment of his tax by another, it equally does not permit such a payment to disqualify the person so assessed.

While an acceptance of such payment by the city from another person may preclude the city from subsequently endeavoring to collect the amount from the person assessed, as to the right of suffrage it is a mere nullity; and *mandamus* will issue to require the collector of taxes to accept the amount of such tax with accrued interest from the person assessed, and to certify his name to the board of canvassers and registration, as required by Pub. Laws, cap. 808, sec. 4.

MANDAMUS.    Heard on petition for writ, and granted.

BLODGETT, J.    The petitioner seeks a writ of *mandamus* against the respondent White, as city treasurer and collector of taxes of Pawtucket, alleging in substance that he is a duly registered and qualified elector of the third ward of the city of Pawtucket, and assessed on July 10, 1908, by the assessors of taxes of said city for personal property of the value of $200 and "that he is one of the 515 persons whose personal property tax, assessed July 10, 1908, was paid by William H. Barclay to said J. Ellis White, city treasurer and collector of taxes, at said Pawtucket, on October 27, 1908, and that his name, together with the remainder of said 515 persons, has, by a decree of this court, in that proceeding entitled '*John F. Lennon* vs *Board of Canvassers and Registration of the City of Pawtucket et al.*, M. P. No. 99,' entered on the 15th day of April, A. D. 1909, been ordered to be stricken from the list of electors of said third ward, qualified to vote for members of the City Council of said City of Pawtucket." (29 R. I. 456.)

The petitioner further avers that he "did not authorize said Barclay to pay his said tax on October 27, 1908, and that the same was paid by the said Barclay without the knowledge or consent of your petitioner," and further avers that desiring to qualify himself for the new election of alderman and city councilmen for said ward, which this court has directed to be held, he tendered, on April 20, 1909, the amount of his said tax, with accrued interest thereon, viz., $3.41, to the respondent White as such city treasurer and collector of taxes, and demanded

that his name be by him certified to the board of canvassers and registration in accordance with the provisions of Pub. Laws, cap. 808, § 4, but that the respondent White "refused, and still refuses, to accept said tendered payment, and refused, and still refuses, to certify under the law the name of your petitioner to said board of canvassers and registration, as aforesaid,.alleging that he has no power to receive the money so tendered as payment of said tax because said tax has been paid already by reason of said payment by said Barclay," and seeks a writ of *mandamus* to said White requiring him to accept the amount of said tax and certify his name as aforesaid.

The answer of the respondent White admits the assessment of the tax and the tender of the amount aforesaid on said date, the demand for said certificate, and that the sum so tendered "was sufficient in amount to pay said tax and the interest at seven per cent. thereon from the fifteen day of October, 1908, and that he refused to receive the same upon the ground that the said tax had been paid, although the said complainant asserted in his demand for the reception of said tax that he had never authorized any one to pay the same."

(1)    We are of the opinion that the writ should issue requiring the respondent White to accept the money of the petitioner and grant the certificate he desires and to which he is entitled. In *Lennon* v. *Board of Canvassers and Registration, supra,* we decided that a voluntary and unauthorized payment of a person's tax by another was not sufficient to satisfy the constitutional requirement and to confer the right of suffrage. While an acceptance of such gratuitous payment by the city from another person may preclude the city from subsequently endeavoring to collect the amount of such tax from the person assessed, it has no effect upon the right of suffrage, since this depends upon the constitutional requirement, which is thus expressed in section 1 of article VII of amendments, as follows: "*Provided,* that no person shall at any time be allowed to vote in the election of the city council of any city, or upon any proposition to impose a tax or for the expenditure of money in any town or city, unless he shall within the year next preceding have paid a tax assessed upon his property therein, valued at least

at one hundred and thirty-four dollars." As this constitutional provision does not permit a person to exercise the right of suffrage by reason of a payment made by a volunteer and not authorized by the person assessed, so it does not permit such a payment to disqualify the person so assessed. As to the right of suffrage, such a payment is a mere nullity, or mere gratuity, which the person assessed may wholly disregard and which every self-respecting person should properly resent. It would, indeed, be a strange doctrine, and one fraught with great mischief to the State, if it were within the power of any one thus to disfranchise at will his fellow citizens.

The writ of *mandamus* will issue requiring the respondent White to accept the sum of $3.41, being the amount of the tax of the petitioner, as of April 20, 1909, and to certify his name to the board of canvassers and registration as required by the provisions of Pub. Laws cap. 808, § 4.

*Mumford, Huddy & Emerson*, for petitioner.

*George H. Huddy, Jr.*, of counsel.

*Edward D. Bassett and Edward W. Blodgett*, for respondent White.

*Hugh J. Carroll*, for respondent John F. Lennon allowed to be made additional respondent.